UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

SCOTT GRIMSTEAD,

        Plaintiff,

v.

SOUTH FLORIDA HAIR RESTORATION CORP, a Florida corporation and REAL MARTIN, individually,

        Defendants.

## COMPLAINT

Plaintiff, SCOTT GRIMSTEAD, through undersigned counsel, files this Complaint for violations of the Fair Labor Standards Act and for unpaid wages against Defendants SOUTH FLORIDA HAIR RESTORATION CORP, a Florida corporation ("SFHRC") and REAL MARTIN ("Martin") (collectively, "Defendants") seeking unpaid overtime wages and unpaid agreed upon wages, and alleges:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.    This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "Act" or the "FLSA") to recover money damages for unpaid overtime wages.

2.    The Plaintiff was a resident of Broward County, Florida at the time this dispute arose. He is still a resident of Broward County, Florida.

3.    Defendant SFHRC is a Florida corporation with its principal address located in Broward County, Florida at 7710 N.W. 71st Court, Suite 303, Tamarac, FL 33321, and which regularly transacts business within the Southern District of Florida, including in Broward County,

1

Florida within the jurisdiction of this Court. The Defendant was an employer of Plaintiff during the relevant time period described below.

4. Plaintiff is informed and believes that at all material times hereto, Defendant Martin was and is presently a resident of Broward County, Florida.

5. This Court has jurisdiction pursuant to Section 216 of the Act. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over the unpaid wages claim pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant SFHRC resides in Broward County, Florida and all Defendants reside in the State of Florida. Venue is also proper because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida, within the jurisdiction of this Court.

8. 29 U.S.C. §207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff's work for the Defendants affected and/or involved interstate commerce during the relevant time period because he handled materials and goods, specifically including medical supplies, that moved through interstate commerce prior to Plaintiff's use of the same. Those goods and materials were used on a constant and/or continual basis and were supplied to

him by Defendants to use on the job. Plaintiff also performed activities such as interstate phone calls, the use of U.S. Mail, ordered goods from out of state suppliers, and handled accounting or bookkeeping for such activities. Plaintiff also handled credit card transactions on behalf of SFHRC that involved interstate banking and finance systems. Plaintiff regularly used the internet in connection with his work for SFHRC and, through the company's website, marketed to individuals outside of the State of Florida. The Plaintiff's work for the Defendant was actually in and/or so closely related to interstate commerce while he worked for the Defendant that the Act applies to Plaintiff's work for the Defendant.

10. During the relevant time period, Plaintiff worked for SFHRC doing a wide variety of jobs including, without limitation, acting as an office manager, medical assistant, cleaning staff, supplier, bookkeeper, marketer, secretary, and repairman.

11. At all times material hereto, Defendant Martin was the President of SFHRC and a direct supervisor and employer of Plaintiff within the meaning of 29 U.S.C. 203(d). Among other things, Martin had the power to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedule and conditions of employment, and determined the rate and method of payment (and nonpayment) for Plaintiff.

12. SFHRC operates a hair restoration business located in Tamarac, Florida.

13. Plaintiff was employed by Defendants from approximately July 28, 2021 through February 17, 2022 (the relevant period described in this Complaint).

14. Prior to the commencement of Plaintiff's employment, Plaintiff and Defendants agreed that Plaintiff would earn an annual salary of $100,000 for his work for Defendants and based on a 40-hour work week.

15. Plaintiff worked for Defendants seven days each week and an average of 12 hours per day. Plaintiff worked for SFHRC an average of approximately 72 hours per week over the relevant period.

16. Defendants did not track the number of hours Plaintiff worked for Defendants.

17. Despite the agreement to pay Plaintiff an annual salary of $100,000, Defendants generally paid Plaintiff approximately $2,400 per month, sometimes by check and sometimes via Zelle.

18. Defendants never paid Plaintiff any overtime pay for the hours of 40 worked by Plaintiff each workweek.

19. None of the FLSA "white-collar" exemptions to Plaintiff's work for Defendants because, among other reasons, Plaintiff was not paid on a salary basis at a rate of not less than $684/week.

20. Grimstead was not incorporated or otherwise in business for himself during the time he worked for the Defendants.

21. Grimstead's work was essential and integral to Defendant's business.

22. Defendants controlled the way in which Grimstead performed his work.

23. Grimstead did not have any other employment during the time he worked for Defendants.

24. Grimstead was economically dependent on Defendants for his livelihood during the period of his employment.

25. Grimstead did not have the ability to alter or change the terms of his employment with Defendants.

26. Defendants willfully and intentionally refused to pay Plaintiff overtime pay during his employment with Defendants since Defendants were aware of the overtime requirements of the Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Act.

27. Defendants owe Plaintiff overtime wages for the 30-week period beginning July 28, 2021 through February 17, 2022.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimates and calculation of unpaid regular wages, unpaid overtime wages, and liquidated damages (exclusive of costs and attorneys' fees) are contained on the Statement of Claim contained at the end of this Complaint.

29. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I: VIOLATION OF OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT (AGAINST ALL DEFENDANTS)

30. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-29 above as if set out in full herein.

31. During the relevant period of Plaintiff's employment Defendants did not pay Plaintiff overtime wages for each hour over 40 that Plaintiff worked in any given workweek.

32. As such, Defendants owe Plaintiff overtime wages pursuant to the FLSA.

33. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Because of Defendants' willful, intentional, and reckless violations of the FLSA's overtime provisions, Plaintiff has been damaged in the amount of unpaid overtime wages and is also entitled to an additional equal amount as liquidated damages. Defendants have acted neither

in good faith nor with reasonable grounds to believe that their acts and/or omissions were not a violation of the FLSA.

35. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 USC 216(b).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, on the basis of the Defendants' willful violations of the FLSA, award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, award Plaintiff an equal amount in liquidated damages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT II: UNPAID WAGES (AGAINST ALL DEFENDANTS)

36. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-29 above as if set out in full herein.

37. Plaintiff was promised an annual salary of $100,000 for his work for Defendants.

38. During the approximately 30 weeks Plaintiff worked for Defendants, he was paid a total of approximately $17,628.48.

39. He should have been paid approximately $57,692.31.

40. Plaintiff has been damaged due to Defendants' refusal to pay Plaintiff the wages he was promised and for which he worked.

41. Defendants breached the agreement between the parties by failing to pay Plaintiff the amounts he earned by virtue of his work for Defendants.

42. Plaintiff has performed all conditions precedent required of him or they have been waived by Defendants.

43. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, award Plaintiff actual damages in the amount shown to be due for unpaid wages, award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Fla. Stat. 448.08, and grant such other and further relief as this Court deems equitable and just.

Dated: April 14, 2022                                    Respectfully submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*

## **Scott Grimstead – Statement of Claim**

Count I – Overtime

Plaintiff worked 30 weeks. He worked 72 hours each week on average.

The agreed salary was $1,923.07 per week ($100,000 per year) based upon a 40-hour workweek.

This results in a regular rate of $48.08 per hour (calculated by dividing $1,923.07 by 40 hours) and a half-time rate of $24.04.

$24.04 multiplied by 32 overtime hours equals $769.28 of unpaid overtime per week.

$769.28 multiplied by 30 weeks equals $23,078.40 in unpaid overtime wages.

An additional $23,078.40 in liquidated damages yields a total of **$46,156.80** exclusive of attorneys' fees and costs with respect to this claim only.

Count II – Unpaid Wages

The agreed salary was $1,923.07 per week ($100,000 per year) based upon a 40-hour workweek.

During the 30 weeks Plaintiff worked for Defendant, he should have been paid $57,692.31 ($100,000 divided by 52 multiplied by 30) in regular wages. He was actually paid $17,628.48 based on the information known to Plaintiff at this time.

Plaintiff is still owed **$40,063.83** in agreed upon wages.